## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**TREMAINE DEJUAN WASHINGTON**                                           **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 3:16CV-P555-CRS**

**TARA WILKINS**                                                               **DEFENDANT**

### MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Tremaine Dejuan Washington's *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the action.

### I. SUMMARY OF CLAIMS

Plaintiff is a prisoner currently incarcerated in the Luther Luckett Correctional Complex (LLCC). He brings suit pursuant to 42 U.S.C. § 1983 against Defendant Tara Wilkins, a "mailroom worker" at LLCC, in her individual capacity.

As his statement of the claim, Plaintiff alleges as follows:

> On or around 7-28-16 [LLCC] mail room workers open as well pelt posted stamp off income mail outside my presence. Which letter was mailed out to National Association for the Advancement of Colored People (NAACP). On or around 8-17-16 [LLCC] mail room workers returned incoming mail within the guide line (privileged mail). Both (7-28-16, 8-17-16) letter was addressed to NAACP but different entry within presence. I am unaware on how handling veiw of returned mail but the situation appeared to me out of line within handling federal mail. In this is why this complaint is brought to your attention. I assumed this is why this complaint fall under Ky. Const. 10 as well complaint reveal facility violated at least one federal (4th) laws to my knowledge. This delay within facility mailroom delay my opportunity for notice within to NAACP to be accepted within a timely matter by Tara Wilkins. As well prolong my incarceration.

As relief, he seeks monetary and punitive damages.

To the complaint, Plaintiff attaches a grievance, wherein he states:

> I forwarded an outgoing letter to NAACP, and it was returned to me with only a seal informing, return to sender, unable to forward no grounds of rejection was reveal to prevent process completion. I do not attain a high income to repeat mail process as require. This deny to mail out to NAACP delay my incarceration release.

The grievance form contains no response from LLCC. However, Plaintiff attaches a letter, wherein he complains about his returned NAACP mail. At the bottom of that letter, there is a handwritten response from "mailroom" indicating as follows: "The llcc mail room does not reject out going mail, so it was returned by the post office. It should have had a yellow label on there stating why It was returned." Plaintiff attaches the two returned envelopes that he addressed to the NAACP at 405 College Pk Dr., P.O. Box 306, Frankfort, Kentucky 40602.[1] Each returned envelope contains a label from the U.S. Postal Service marked as follows:

> RETURN TO SENDER
> UNABLE TO FORWARD
> UNABLE TO FORWARD
> RETURN TO SENDER

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

---

[1] The NAACP website indicates that the NAACP Frankfort (Franklin County) Unit's address is P.O. BOX 5101, Frankfort, KY 40601. *See* http://www.naacp.org/find-local-unit/. It, therefore, appears that the NAACP letters may have been addressed to the wrong address.

such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

#### A. 42 U.S.C. § 1983

Here, Plaintiff first claims that the returned NAACP mail was opened outside his presence.[2] He does not, however, indicate that Defendant Wilkins was involved in the opening of this mail. Rather, he attributes the opening to LLCC "mail room workers." As he has alleged no facts showing Defendant Wilkins' involvement in the opening of his mail, this claim will be dismissed against her. *See Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) ("[A] complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights.") (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). Regardless, Plaintiff does not allege routine opening or interference with his mail and, therefore, fails to state a claim of constitutional proportions. *See, e.g.*, *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("While a prisoner has a right to be present when his legal mail is opened, an isolated incident of mail tampering is usually insufficient to establish a constitutional violation. Rather, the inmate must show that prison officials 'regularly and unjustifiably interfered with the incoming legal mail.'") (citation omitted); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) ("Such a random and isolated incident [of mail interference] is insufficient to establish a constitutional violation."); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (finding that even though defendants "admitted to opening one piece of [plaintiff's] constitutionally protected legal mail by

---

[2] Because Plaintiff does not address his mailing to a particular attorney at the NAACP, the Court finds that his mailing to the NAACP is not legal mail. *See, e.g.*, *Caldwell v. Ewing*, No. 03-1417, 2006 WL 771213, at *6 (C.D. Ill. Mar. 24, 2006) ("The defendants have convincingly argued that letters to the NAACP and ACLU would not be considered legal mail since these are referral agencies. The defendants state that [the] only time a letter addressed to either of these agencies would be considered legal mail is if they were addressed to a specific attorney."); *Everroad v. Farley*, No. 3:94-CV-596 RM, 1995 WL 358666, at *1 (N.D. Ind. May 9, 1995) ("Although the NAACP has a legal staff, and part of its function is to provide legal services to persons through that legal staff, the roles of the NAACP are so multi-faceted that its incoming mail cannot all be deemed "legal mail" even if an inmate-sender declares the mail to be confidential.").

4

accident[,][s]uch an isolated incident, without any evidence of improper motive or resulting interference with [plaintiff's] right to counsel or to access to the courts, does not give rise to a constitutional violation."); *Rinehart v. Beck*, No. 5:09-CT-3019-D, 2011 WL 52360, at *5 (E.D.N.C. Jan. 5, 2011) ("Isolated incidents of mail mishandling do not rise to the level of a constitutional violation."); *Lloyd v. Herrington,* No. 4:11CV–P128–M, 2001 WL 6026661, at *2 (W.D. Ky. Dec. 2, 2011) ("Even if the Court interprets Plaintiff's complaint as alleging two instances of interference with his mail-one of the outgoing motion and one of his incoming piece of legal mail-the Court still finds that the two incidences taken together do not rise to a constitutional violation."); *Pearson v. Simms*, 345 F. Supp. 2d 515, 519 (D. Md. 2003) ("[O]ccasional incidents of delay or non-delivery of mail do not rise to a constitutional level.").

Plaintiff's only allegation involving Defendant Wilkins is as follows: "This delay within facility mailroom delay my opportunity for notice within to NAACP to be accepted within a timely matter by Tara Wilkins. As well prolong my incarceration." While not entirely clear, it appears that Plaintiff may be trying to allege the mailroom's delay in handling his mail addressed to the NAACP violated his constitutional right of access to the courts.

To state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc) ("Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only."). That is, there must be an actual injury, and no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356; *see also Pilgrim v.*

5

*Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim"). In addition, "only prisoners with non-frivolous underlying claims can have standing to litigate an access-to-courts action." *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (quoting *Lewis v. Casey*, 518 U.S. at 353). "[T]he underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

Plaintiff has not alleged any actual injury as a result of the purported delay/mishandling of his mail as he fails to allege that any non-frivolous claim has been lost or rejected or that any non-frivolous, pending claim is unable to be presented. Moreover, based on the return labels on Plaintiff's mailings, the U.S. Postal Service, not mailroom staff, returned the mailings addressed to the NAACP to Plaintiff. Therefore, any denial-of-access-to-courts claim he may be trying to assert fails.

### B. State-Law Claim

Plaintiff additionally alleges a violation of Section 10 of the Kentucky Constitution. Under 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." Having determined that the federal claim over which this Court has jurisdiction should be dismissed, this Court declines to exercise supplemental jurisdiction over

the remaining state-law claim. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Consequently, the state-law claim will be dismissed without prejudice.

For the foregoing reasons, the instant action will be dismissed by separate Order.

Date: February 6, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendant
4411.005